[Cite as *Soltis v. Soltis*, 2012-Ohio-3256.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97541**

## CRAIG J. SOLTIS

PLAINTIFF-APPELLANT
CROSS-APPELLEE

vs.

## LAUREN R. SOLTIS

DEFENDANT-APPELLEE
CROSS-APPELLANT

### JUDGMENT:
AFFIRMED IN PART, REVERSED IN PART,
REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. D-328086

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**ATTORNEY FOR APPELLANT/CROSS-APPELLEE**

John E. Mayer
Freedom Square II, Suite 380
6000 Freedom Square Drive
Independence, OH   44131


**ATTORNEY FOR APPELLEE/CROSS-APPELLANT**

Dean A. Colovas
1370 Ontario Street
1810 Standard Building
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff, Craig Soltis, appeals the final decision of the trial court, which granted Craig and defendant, Lauren Soltis, a divorce and divided the parties' assets. Lauren also filed a cross-appeal, challenging the trial court's decision. For the following reasons, we affirm in part and reverse in part the decision of the trial court.

{¶2} Craig and Lauren were married in 1983 and have five children, including triplets born in 1997. Lauren graduated high school and stopped working full time after the birth of the triplets. At the time of trial, Lauren worked as a receptionist, earning about $7,500 per year. Craig is a certified public accountant and worked at an accounting firm, CGI, from 1990 through January 2009. Craig earned $125,000 per year during the last year of his employment and started another accounting position in September 2009 where he earned $78,000 per year.

{¶3} The Soltises separated in February 2008 because of incompatibility. Craig bought a condo for $77,000 in cash, $50,000 of which was borrowed from his children's college savings accounts. Craig filed for divorce on June 10, 2008. That case was dismissed in August 2009 after Lauren fired her attorney two days before trial. After the dismissal, Craig stopped paying the mortgage on the marital home and any temporary support that was in place during the first divorce case. Lauren did not pay the mortgage

on the marital home in between the divorce cases, and Craig began paying support again after the support orders were entered in the second divorce filing.

{¶4} Craig refiled the underlying action for divorce in September 2009. By this time, however, the Soltises were delinquent on the mortgage for the marital home and the bank initiated a foreclosure proceeding. Both parties claim the other lived an extravagant lifestyle, spending well beyond his or her means. The magistrate, in her decision, found that both parties consistently lived beyond their means and relied heavily on monetary gifts from extended family to support the marital lifestyle.

{¶5} The magistrate determined that the marital property should be divided equally. In an effort to equalize the personal property in possession of the parties, the magistrate ordered Lauren to turn over about $3,500 worth of jewelry in her possession and appraised for the purposes of the divorce proceedings. There is an issue over eight other pieces of jewelry, two coats, and a silverware set that Lauren claims were lost. The trial court divided the proceeds of any insurance claim on those lost items equally between the parties. According to arguments made by Craig, this could not be accomplished because Lauren allegedly hid the items and any insurance claim would be fraudulent. The magistrate was unable to finalize the details of dividing the marital home. At the trial, the home was still the subject of the foreclosure action and the equity could not be calculated.

{¶6} After the parties filed objections to the magistrate's decision, the trial court retained control over the disposition of the marital home, rather than referring that issue

to the magistrate, and took evidence through the parties' supplemental filings. No evidentiary hearing was held despite the fact the trial court originally set a hearing for November 18, 2010.[1] It is undisputed that Lauren's father paid $135,328 to get the marital home out of foreclosure. The trial court found that Lauren owed her father the full amount and based the equity calculation on the debt.

{¶7} It is also undisputed that the marital home is worth $220,000 and Craig's condo is worth $75,000. The trial court held that the $50,000 taken from the children's college accounts was a loan. The combined equity of the two properties, therefore, was $109,672. The trial court awarded each party their respective residence free and clear, giving Lauren about 75 percent of the equity in the two properties. The trial court found that the unequal award was equitable because Craig caused the foreclosure by failing to maintain the mortgage payments. The trial court rationalized its decision based on the finding that Craig's omission caused $30,919.08 in additional costs. We note, however, the foreclosure costs were included in the final payoff amount that was used to determine the equity, and it is undisputed that the final payoff included the $122,098.62 of the principal balance owed on the debt.

{¶8} Craig timely appealed the trial court's final disposition, raising six assignments of error, and Lauren cross-appealed, raising three assignments of error. We

---

[1] According to the docket, the November 18 hearing never occurred. The objections to the magistrate's decision, filed on October 5, 2010, were followed by 18 motions for extension of time and supplemental or reply briefs, prior to the trial court's August 30, 2011 entry adopting the magistrate's decision. Despite arguments to the contrary, at no point did the trial court do anything other than facilitate the inclusion of additional support for the parties' respective positions.

review a trial court's determination in domestic relations cases under an abuse of discretion standard. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). The trial court must have discretion to equitably separate the married parties based on the circumstances of each case. *Id.* Thus, "the term 'abuse of discretion' implies that the court's attitude was unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶9} Craig's first and second assignments of error provide that "[t]he trial court erred and/or abused its discretion when it failed to hold an evidentiary hearing on the marital residence[,] failed to consider those factors listed in R.C. 3105.171, in order to make an equitable division of the marital residence[, and failed to give Craig proper credit for removing two liens on the marital residence]."

{¶10} In dividing the parties' assets in a divorce action, the court starts with the presumption that an equal division of marital assets constitutes an equitable division of the property. *Kapadia v. Kapadia*, 8th Dist. No. 94456, 2011-Ohio-2255, ¶ 24; *Franklin v. Franklin*, 10th Dist. No. 11AP-713, 2012-Ohio-1814, ¶ 3; R.C. 3105.171(C). "The trial court must make written findings of fact that support the determination that the marital property has been equitably divided." *Franklin* at ¶ 3; R.C. 3105.171(G). The "trial court must indicate the basis for its division of the marital property in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable, and in accordance with the law." *Franklin* at ¶ 4.

{¶11} In their initial objections to the magistrate's decision, both parties claimed the magistrate had enough information to divide the marital home and both parties asked for the equity in the marital home and condo to be divided equally. At the time the magistrate's decision was filed, however, the marital home was subject to a foreclosure action and Lauren had not yet paid off the outstanding debt. While the parties presented undisputed evidence of the fair market value, the loan payoff amount was unavailable and necessary to calculating the equity in the home.

{¶12} Despite the parties' request and the magistrate's general intent to evenly divide the marital property, the trial court awarded Lauren the marital home free and clear of any claim from Craig. The trial court claimed that the extra approximately $30,000 of foreclosure costs warranted the unequal distribution, which, as we previously noted, was the approximate value of Craig's share of an equal distribution of the marital home equity when accounting for the equity he received in the condo. No other reason was provided in the trial court's decision. It is undisputed, however, that Lauren's father paid $135,328 to pay off the mortgage and foreclosure fees on the marital property and $122,098.62 of that amount represented the principal balance owed on the note.

{¶13} The trial court's finding, that there were over $30,000 in additional costs and fees with respect to the foreclosure, is not supported by competent, credible evidence from the record. At best, the evidence established that the foreclosure cost $13,229.38 in additional fees and penalties, which was accounted for in the equity calculation. Accordingly, and because that finding was the sole basis for awarding Lauren the unequal

distribution of the marital home equity, the trial court abused its discretion in awarding Lauren the equity in the marital home free and clear. Craig's first and second assignments of error are sustained in part. In light of this, Craig's other arguments regarding the lack of a hearing and the liens are moot.

{¶14} Craig's third, fourth, fifth, and sixth assignments of error provide that "[t]he trial court erred and/or abused its discretion by adopting the magistrate's decision" from which the trial court equalized the personal property division through an award of Lauren's jewelry to Craig, determined that Lauren had not secreted personal property to prevent its appraisal, and determined that Lauren did not commit financial misconduct even though she violated restraining or court orders.

{¶15} In his third assignment of error, Craig claims that the trial court erred in equalizing the division of marital property by awarding Craig with certain, appraised items of jewelry. Craig's sole argument is that the trial court should have equalized the distribution through a monetary means, rather than through an award of personal property. Craig failed to cite any authority, as required by App.R. 16(A)(7), to support his argument that the trial court abused its discretion by awarding a property distribution, instead of a monetary one, when equalizing the division of personal property. Craig's third assignment of error is overruled.

{¶16} In his fourth assignment of error, Craig argues that the trial court abused its discretion in finding that Lauren did not hide personal property from the appraiser. Craig claims Lauren hid eight pieces of jewelry, two coats, and a silverware set, valued at

over $30,000, in order to prevent the property from being evenly distributed between the parties. Craig introduced photographs depicting Lauren wearing some of the jewelry items a few months before the appraisal was ordered. Craig's argument is solely based on Lauren's credibility at trial.

{¶17} Generally, "where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court." *Myers v. Garson*, 66 Ohio St.3d 610, 614, 614 N.E.2d 742 (1993).

> The underlying rationale [behind this principle] rests with the knowledge that the [trier of fact] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.

*Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶18} Craig claims that photos of Lauren wearing some of the disputed items at her high school reunion months before the appraisal conclusively proves that Lauren hid the items from the appraisal. Lauren testified the items were lost. Craig has no evidence to the contrary; the pictures he submitted were taken before the appraisal. The record supports the magistrate's finding that there was insufficient evidence to establish that Lauren secreted personal property in order to skew the distribution. The magistrate found that Lauren's testimony was credible, and we adhere to the long-standing principle of giving deference to the trier of fact's credibility determinations. Craig's fourth assignment of error is overruled.

**{¶19}** Craig claims, in his fifth and sixth assignments of error, that Lauren committed financial misconduct when she violated restraining or court orders in the first divorce proceeding, which was dismissed without prejudice in August 2009. Craig has failed to provide this court with a record from the first divorce action with which to review whether Lauren violated prior court orders. "Under App.R. 9(B), it is the duty of the appellant to ensure that the record is complete." *State v. Lett*, 7th Dist. No. 08 MA 82, 2010-Ohio-800, ¶ 11, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988). Nothing in the record indicates that Lauren violated court orders, and therefore, Craig's argument that the violations are grounds to find financial misconduct is without merit. Craig's fifth and sixth assignments of error are overruled.

**{¶20}** Finally, Lauren's first, second, and third cross-assignments of error provide that the trial court erred by failing to issue an equitable award based on Craig's withdrawal of over $50,000 from the marital accounts during the divorce proceedings, to award Lauren half of Craig's severance payment received when he was terminated from CGI, and to award Lauren attorney fees.

**{¶21}** Lauren claims, in her first cross-assignment of error, that the trial court abused its discretion by failing to award her half of the more than $50,000 of aggregate funds Craig withdrew prior to and immediately after the filing of the first divorce case in June 2008. Lauren's argument challenges Craig's credibility. Again,

> where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court.

*Myers*, 66 Ohio St.3d 610, 614, 614 N.E.2d 742 (1993).

{¶22} The magistrate specifically found that Craig's credibility was an issue only with regard to his testimony about allowing the house to go into foreclosure. We, therefore, must start with the fact that Craig's testimony was deemed credible by the trier of fact on all other issues. Lauren presented no evidence to support her allegation that Craig withdrew over $50,000 for personal use and that those funds were not accounted for during the divorce proceedings. Craig testified that he used the money to equalize the children's college accounts. Nothing in the record indicates the money was withdrawn in violation of any court order or that Craig failed to use the funds to equalize the children's college savings accounts. The trial court did not err by failing to award Lauren half of the more than $50,000 withdrawn by Craig. There was competent, credible evidence that Craig withdrew the funds to equalize the children's college accounts, and there is no evidence of any misappropriation of the funds. Lauren's first cross-assignment of error is overruled.

{¶23} Lauren's second cross-assignment of error challenges the magistrate's decision to deny Lauren half of Craig's $20,769.23 severance pay, a marital asset. The magistrate based her decision on the fact that the severance pay was spent on both parties' household expenses and temporary support. Lauren's sole argument is that the magistrate's decision to disregard the severance pay is unfair. Lauren failed to present any citations to case law or statutes in support of her assertions as required by App.R.

16(A)(7). *See Strauss v. Strauss*, 8th Dist. No. 95377, 2011-Ohio-3831, ¶ 72. We accordingly overrule Lauren's second cross-assignment of error.

{¶24} Lauren's third and final cross-assignment of error challenges the trial court's decision to deny her an award of reasonable attorney fees. R.C. 3105.73 provides that "a court may award all or part of reasonable attorney fees and litigation expenses * * * if the court finds the award equitable[,]" considering in pertinent part, "the conduct of the parties, and any other relevant factors the court deems appropriate."

{¶25} In the current case, the magistrate found that Lauren's decision to turn down a reasonable settlement offer during the first divorce case was relevant to denying her request for attorney fees, calculated with respect to the subsequent trial held in the second divorce action. Lauren failed to present any citations to case law or statutes, as required by App.R. 16(A)(7), in support of her claim that the trial court abused its discretion when it relied on her refusal to settle as a basis to deny her request for attorney fees accruing after the refusal. We accordingly overrule Lauren's third cross-assignment of error.

{¶26} Craig's first and second assignments of error are sustained in part. The decision of the trial court to award Lauren the equity in the marital home is reversed, and the case is remanded for the sole purpose of determining the appropriate distribution of the equity in the marital home. All other assignments and cross-assignments of error are overruled. The decision of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN PART, DISSENTS IN PART WITH SEPARATE OPINION

COLLEEN CONWAY COONEY, J., CONCURRING IN PART, DISSENTING IN PART:

{¶27} I concur with all of the majority opinion except the portion reversing the trial court's award of the marital home to Lauren. I respectfully dissent on this issue because I would affirm the trial court's award despite the majority's finding an apparent math error regarding $30,000 in additional costs due to the foreclosure. I find this alleged math error harmless.

{¶28} The marital home was appraised at $220,000, and Lauren's father paid $135,328 to save it from foreclosure. Thus, there was $84,672 in equity in the marital home. Craig's condo is valued at $75,000. Awarding each of the parties their respective homes appears equitable to me, especially considering it was Craig who

stopped paying the mortgage and caused the foreclosure process. Therefore, I agree with the trial court's finding the unequal award to be equitable.